UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARY JANE GLOWCZENSKI and JEAN GRIFFIN,
Individually and as the Co-Administratix
of the Estate of DAVID GLOWCZENSKI,

                              Plaintiffs,

     -against-

TASER INTERNATIONAL, INC.,
VILLAGE OF SOUTHAMPTON, SOUTHAMPTON
VILLAGE POLICE DEPARTMENT, POLICE OFFICER
Brian Platt, in his individual and official
capacity POLICE OFFICER Marla Donovan,
in her individual and official capacity
POLICE OFFICER Chris Wetter,
In his individual and official capacity,
POLICE OFFICER Arthur Schucht, in his
individual and official capacity, COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE DEPARTMENT,
LIEUTENANT Jack Fitzpatrick, in his individual and
official capacity, LIEUTENANT Howard Lewis, in his
individual and official capacity and
John Doe 1-10, who are known by name to the
Defendants but as of yet are not fully known
to the Plaintiffs, OFFICE OF THE SUFFOLK
COUNTY MEDICAL EXAMINER, James C. Wilson, M.D.,
Deputy Medical Examiner, in his individual and official
Capacity, SOUTHAMPTON VILLAGE VOLUNTEER
AMBULANCE (a.k.a. SOUTHAMPTON E.M.T. UNIT),
Melissa Croke, EMT, in her individual and official capacity,
Keith Philips, EMT, in his individual and official capacity,
Tim Campbell, EMT, in his individual and official capacity,
and James Moore, Ambulance Driver, in his individual and
official capacity,

                            Defendants.
-----------------------------------------------------------------------x

**Docket No.:**
04CV4052
(SJF)(WDW)

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT, BRIAN PLATT'S
## PARTIAL MOTION FOR SUMMARY JUDGMENT

*Of Counsel:*
     Lewis R. Silverman

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................ 1

**STATEMENT OF FACTS**.............................................................................. 1

**ARGUMENT**.............................................................................................. 1

    **POINT I**

    The False Arrest Causes Of Action Should Be Dismissed............................. 1

    **POINT II**

    Qualified Immunity.................................................................................. 3

    **POINT III**

    The Negligence Claim Should Be Dismissed.............................................. 5

**CONCLUSION** ......................................................................................... 6

i

# TABLE OF AUTHORITIES

Anderson v. Creighton,
    483 U.S. 635, 639 (1987)..................................................................................................3, 4

Anthony v. City of New York,
    339 F.3d 129 (2d Cir. 2003)................................................................................................ 5

Benitz v. Wolff,
    985 F.2d 662, 666 (2d Cir. 1993)....................................................................................... 3

Curry v. City of Syracuse,
    316 F.3d 324, 325 (2d Cir. 2003)....................................................................................... 2

Farley v. Town of Hamburg,
    34 A.D.3d 1294 (4th Dep't. 2006)...................................................................................... 6

Glass v. Maya,
    984 F.2d 55, 58 (2d Cir. 1993)........................................................................................2, 4

Graham v. Connor,
    490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1988).................................. 2

Harlow v. Fitzgerald,
    457 U.S. 800, 818 (1982)................................................................................................... 3

Jaegly v. Couch,
    439 F.3d 149, 151 (2d Cir. 2006)....................................................................................... 2

Kaminsky v. Rosenblum,
    929 F.2d 922, 925 (2d Cir. 1991)........................................................................................3

Kerman v. City of New York,
    261 F.3d 229, 240 n.8 (2d Cir. 2001)..................................................................................2

Lambertson v. United States,
    528 F.2d 441, 444 (2d Cir.), *cert denied,*
    426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976)........................................................5

Malley v. Briggs,
    475 U.S. 335, 345 (1986)....................................................................................................4

Masters v Becker,
    22 A.D.2d 118, 120, 254 N.Y.S.2d 633 (2d Dep't. 1964)....................................................5

Mazzaferro v Albany Motel Enters.,
    127 A.D.2d 374, 376, 515 N.Y.S.2d 631 (3d Dep't. 1987).................................................5

Mitchell v. Forsyth,
    472 U.S. 511, 526 (1985)...........................................................................................................4

Pearson v. Callahan,
    129 S.Ct. 808, 815 (2009).........................................................................................................3

Singer v.  Fulton County Sheriff,
    63 F.3d 110, 118 (2d Cir. 1995)...........................................................................................1, 2

Trott v Merit Dept. Store,
    106 A.D.2d 158, 160, 484 N.Y.S.2d 827 (1st Dep't. 1985).................................................5

United National Insurance Co. v. Tunnel, Inc.,
    988 F.2d 351, 353 (2d Cir. 1993)........................................................................................5, 6

**Statutes, Rules and Regulations**

Rule 56 of the Federal Rules of Civil Procedure

MENT. HYG. LAW §9.41 (McKinney 1989 and 2008 Cum.Supp.)

**Authoritative Texts**

RESTATEMENT [SECOND] OF TORTS §16 [1977]

Prosser & Keaton, TORTS §10, at 46 [5th ed.])

## PRELIMINARY STATEMENT

Defendant, BRIAN PLATT, by and through his attorneys, RUTHERFORD & CHRISTIE, LLP, respectfully submits this Memorandum of Law in support of his Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.     Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant respectfully submits that summary judgment is proper and that certain of the causes of action alleged in the plaintiff's Complaint should be dismissed. The plaintiff's causes of action alleging false arrest and negligence should be dismissed with prejudice. In addition, any claims that Mr. Platt violated decedent's constitutional rights should be dismissed on the ground of Qualified Immunity.

## STATEMENT OF FACTS

In the interest of brevity and so as not to overburden the court with needless repetition, we hereby adopt and incorporate by reference the factual summary included in the Memorandum of Law submitted on behalf of the Southampton Village co-defendants, along with the Joint Local Rule 56.1 Statement of Material Facts submitted on behalf of Mr. Platt and the Southampton Village co-defendants.

## ARGUMENT

## POINT I

## THE FALSE ARREST CAUSES OF ACTION SHOULD BE DISMISSED

Under § 1983, the elements of a false arrest claim are: "(1) the defendant intended to confine or arrest the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton

County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). Similarly, the elements of a cause of action for false arrest in New York are 1) the defendant intended to confine the plaintiff, 2) the plaintiff was conscious of the confinement, 3) the plaintiff did not consent to the confinement and 4) the confinement was not otherwise privileged. Curry v. City of Syracuse, 316 F.3d 324, 325 (2d Cir. 2003).

Significant to an analysis of this case, it is important to note that § 9.41 of the New York State Mental Hygiene Law specifically authorizes a police officer who is a member of an authorized police department to take into custody any person who appears to be mentally ill and is conducting himself in a manner which is likely to result in serious harm to the person or others. MENT. HYG. LAW §9.41 (McKinney 1989 and 2008 Cum.Supp.). Kerman v. City of New York, 261 F.3d 229, 240 n.8 (2d Cir. 2001). The Fourth Amendment's objective reasonableness standard is applied to police discretion under this section. *Id.*

Mr. Platt was aware of Glowczenski's long history of mental illness, violent behavior and substance abuse. The Village police had been called twice on February 4, 2004 by Glowczenski's family which had not been successful in hospitalizing him. A personal interview with a Glowczenski family member earlier that morning revealed that David Glowczenski had stopped taking his medication and that there was a need for him to be hospitalized. Finally, the officers' own observations of Glowczenski's irrational and violent behavior toward himself and the officers, confirmed by independent witness Julie Bradshaw established, without doubt, that it was objectively reasonable to take Glowczenski into custody for the purposes of involuntary hospitalization. *See,* Glass v. Mava, 984 F.2d 55, 58 (2d Cir. 1993), citing Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1988). Because the seizure of Glowczenski was reasonable, the

2

cause of action for false arrest should be dismissed.

## POINT II

### QUALIFIED IMMUNITY

Government officials are shielded by qualified immunity from individual liability for damages that relate to their performance of discretionary official functions, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Police officers are immune from liability for money damages in suits brought against them in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Pearson v. Callahan, 129 S.Ct. 808, 815 (2009).

The availability of the qualified immunity defense turns on the "objective legal reasonableness" of the allegedly unlawful action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987)(quoting Harlow, 457 U.S. at 818-19). See Benitz v. Wolff, 985 F.2d 662, 666 (2d Cir. 1993). Even if the constitutional right in question is clearly established, a government actor may still be shielded by qualified immunity if "it was objectively reasonable for the public official to believe that his acts did not violate those rights." Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991).

"The relevant question. . . [i]s whether a reasonable officer could have believed [his or her] conduct to be lawful, in light of clearly established law and the information the. . . officers possessed." Anderson, 483 U.S. at 641. A reasonable and competent official must be able to determine in advance that the actions were unconstitutional. Id at 640. If reasonably competent officials would have taken the challenged action or could disagree on the issue, the defendants are

3

entitled to qualified immunity. <u>Malley v. Briggs</u>, 475 U.S. 335, 345 (1986). The principle of qualified immunity is "an immunity from suit rather than the mere defense to liability; and like absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985). The <u>Anderson</u> Court explained that the application of qualified immunity is important, because it is inevitable that officials will in some cases reasonably, but mistakenly take actions that are later found to be

Not only the defendant officers' testimony but the testimony of non-party eye-witness Julie Bradshaw confirms that Glowczenski exhibited the classic signs of a psychotic episode well before the defendants attempted to take him into custody. When Glowczenski was told he was going to the hospital he attempted to flee and became combative and dangerous to himself and the officers. All four officers, veterans of both the Village Police Department as well as encounters with David Glowczenski, were well aware of his capacity for violence when not taking his medication. Glowczenski had an extensive psychiatric history that spanned more than twenty (20) years in the Village of Southampton and had included an arrest one year earlier for assaulting his brother. It was the family's acknowledgment that they could not control David Glowczenski on the morning of February 4, 2004 which led to the second 911 call to Village Police and the individual defendants' decision to take Glowczenski into custody. Therefore, Mr. Platt is protected from liability for violating the Fourth Amendment by the doctrine of qualified immunity. <u>Glass v. Mayas</u>, 984 F.2d 55 (2d Cir. 1993).

Mr. Platt has established his entitlement to judgment as a matter of law on the state and federal false arrest claims contained in COUNT I of the Amended Complaint. At the very least, and alternatively, he is entitled to qualified immunity in their individual capacities with respect to the

4

false arrest claim. <u>Anthony v. City of New York</u>, 339 F.3d 129 (2d Cir. 2003).

**POINT III**

**THE NEGLIGENCE CLAIM SHOULD BE DISMISSED**

New York has adopted the prevailing modern view that, once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently. <u>Trott v Merit Dept. Store</u>, 106 A.D.2d 158, 160, 484 N.Y.S.2d 827 (1st Dep't. 1985); <u>Masters v Becker</u>, 22 A.D.2d 118, 120, 254 N.Y.S.2d 633 (2d Dep't. 1964); **RESTATEMENT [SECOND] OF TORTS** §16 [1977]. 'There is, properly speaking, no such thing as a negligent assault'. Prosser & Keaton, **TORTS** §10, at 46 [5th ed.]). <u>Mazzaferro v Albany Motel Enters.</u>, 127 A.D.2d 374, 376, 515 N.Y.S.2d 631 (3d Dep't. 1987).

The Second Circuit Court of Appeals in <u>United National Insurance Co. v. Tunnel, Inc.</u>, likewise began its analysis with recognition of the mutual exclusivity of negligence and battery. 988 F.2d 351, 353 (2d Cir. 1993). In discussing the distinction between the two, the Court (McLaughlin, J.), stated that "[n]egligent assault and battery" is a contradiction in terms. *Id.* The Court pointed out that "[i]t is hornbook law in New York, as in most other jurisdictions, that the intent which is an essential element of the action for battery is the intent to make contact, not to do injury." <u>United National Insurance Co.</u>, *supra*, citing <u>Lambertson v. United States</u>, 528 F.2d 441, 444 (2d Cir.), *cert denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976). Thus, in light of the uncontradicted testimony of the individual officers that they intended to take Glowczenski into custody and resorted to the use of force to do so, any claim of negligence involving the manner in which the officers executed taking Glowczenski into custody should be dismissed. <u>United National Insurance Co.</u>,

5

*supra.*

In any event, under New York State law where an arrestee is negligently injured as the result of his resisting arrest or attempting to escape from custody, public policy bars any recovery. <u>Farley v. Town of Hamburg</u>, 34 A.D.3d 1294 (4th Dep't. 2006) (citations omitted). Thus, the negligence claim against the individual Village defendants in the fourth and fifth counts of the Amended Complaint should be dismissed.

**<u>CONCLUSION</u>**

Based on the above, it is respectfully requested that the court grant the defendant's motion for partial summary judgment, and for such other, further and different relief as this court deems just and proper.

Dated: New York, New York
        March 27, 2009

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

BY: _____

Lewis R. Silverman (LRS 9723)
Attorneys for Defendant
BRIAN PLATT
369 Lexington Avenue, 8th Floor
New York, NY 10017
(212) 599-5799
Our File No.: 1020.046

6

TO:   LAW OFFICES OF FREDERICK K. BREWINGTON
        Attorneys for Plaintiffs
        50 Clinton Street, Suite 501
        Hempstead, New York 11550

        CHRISTINE MALAFI
        Suffolk County Attorney
        H. Lee Dennison Bldg.
        100 Veterans Memorial Hospital
        P.O.B. 6100
        Hauppage, New York 11788
        Attn: Richard T. Dunne, Esq.

        JOSEPH A. MARIA, P.C.
        Attorney for Taser International, Inc.
        301 Old Tarrytown Road
        White Plains, New York 10603

        LEWIS JOHS AVALLONE AVILES & KAUFMAN
        Attorneys for Southampton Village Ambulance, et al.
        425 Broadhollow Road, Suite 400
        Melville, New York 11747

        DEVITT SPELLMAN BARRET, LLP
        Attorneys for Officer Marla Donovan, Officer Chris Wetter,
        Officer Arthur Schucht, and Lieutenant Howard Lewis
        50 Route 111
        Smithtown, New York 11787