UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARY JANE GLOWCZENSKI and JEAN GRIFFIN,
Individually and as the Co-Administratix
of the Estate of DAVID GLOWCZENSKI,   **JOINT RULE 56.1**
  **STATEMENT**

                           Plaintiffs,

     - against –

TASER INTERNATIONAL, INC.,
VILLAGE OF SOUTHAMPTON, SOUTHAMPTON   CV04-4052
VILLAGE POLICE DEPARTMENT, POLICE OFFICER   (SJF)(WDW)
Brian Platt, in his individual and official
capacity POLICE OFFICER Marla Donovan,
in her individual and official capacity
POLICE OFFICER Chris Wetter,
In his individual and official capacity,
POLICE OFFICER Arthur Schucht, in his
individual and official capacity, COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE DEPARTMENT,
LIEUTENANT Jack Fitzpatrick, in his individual and
official capacity, LIEUTENANT Howard Lewis, in his
individual and official capacity and
John Doe 1-10, who are known by name to the
Defendants but as of yet are not fully known
to the Plaintiffs, OFFICE OF THE SUFFOLK
COUNTY MEDICAL EXAMINER, James C. Wilson, M.D.,
Deputy Medical Examiner, in his individual and official
Capacity, SOUTHAMPTON VILLAGE VOLUNTEER
AMBULANCE (a.k.a. SOUTHAMPTON E.M.T. UNIT),
Melissa Croke, EMT, in her individual and official capacity,
Keith Philips, EMT, in his individual and official capacity,
Tim Campbell, EMT, in his individual and official capacity,
and James Moore, Ambulance Driver, in his individual and
official capacity,

                           Defendants.
------------------------------------------------------------------x
S I R S :

     Defendants, VILLAGE OF SOUTHAMPTON, SOUTHAMPTON VILLAGE POLICE

DEPARTMENT, POLICE OFFICER MARLA DONOVAN, POLICE OFFICER CHRIS

WETTER, POLICE OFFICER ARTHUR SCHUCHT, AND LIEUTENANT HOWARD

LEWIS, by their attorneys, DEVITT SPELLMAN BARRETT, LLP, and POLICE OFFICER BRIAN PLATT by his attorneys, RUTHERFORD & CHRISTIE, as and for their joint statement pursuant to Rule 56.1 of the Rules of the Southern and Eastern Districts of New York state as follows:

1. Plaintiffs' decedent, David Glowczenski, was at all relevant time periods a resident of Suffolk County, New York. (Exhibit A, Complaint, ¶ 19).

2. The defendant VILLAGE OF SOUTHAMPTON [hereinafter "the Village"] is a duly incorporated municipal corporation of the State of New York. (Exhibit A, Complaint, ¶ 22).

3. Plaintiffs' decedent, David Glowczenski, was born on April 19, 1968. (Kings Park Psychiatric Center Admission Record 12/2/1988).

4. On June 4, 1980 David Glowczenski was referred to Sagamore Childrens' Center for psychiatric evaluation because he was not going to school and had difficulties at home which included violent outbursts. (Social Security Administration records, pp. 154-156).

5. On January 19, 1994 Theodore Glowczenski called Southampton Village Police complaining that his son was acting up and throwing things about the house and breaking things. (Southampton Village Police Incident Report January 19, 1994).

6. On January 19, 1994 David Glowczenski was accompanied by Southampton Village Police to Stony Brook University Hospital Emergency Room. (Stony Brook University Hospital Record, pp. 4, 23-26, 31-32).

7. On January 19, 1994 David Glowczenski was admitted to Stony Brook University Hospital after threatening to kill his parents and remained there until January 25, 1994. (Stony Brook University Hospital Record, pp. 4, 23-26, 31-32; Pilgrim State Psychiatric Records, p.

2

1001; Southampton Village Police Incident Report January 19, 1994).

8. When David Glowczenski was admitted to Stony Brook University Hospital on January 19, 1994 he was diagnosed with undifferentiated schizophrenia, polysubstance abuse and antisocial personality disorder. (Stony Brook University Hospital record, pp., 31-32;).

9. On June 30, 1994 Theodore Glowczenski called the Southampton Village Police complaining that his son was mentally ill and violent. (Village Police Report dated June 30, 1994).

10. On June 30, 1994 David Glowczenski was transported to Kings Park Psychiatric Center by the Southampton Village Police Department because Peconic Ambulance refused to transport David Glowczenski since he was deemed violent. (Village Police Report dated June 30, 1994).

11. On July 1, 1994 David Glowczenski was admitted to Kings Park Psychiatric Center after having been aggressive with his mother and breaking a window and doors. (Pilgrim Psychiatric Center records, p. 1129).

12. On August 26, 1995 Theodore Glowczenski called Southampton Village Police complaining that his son David Glowczenski had ingested alcohol with his psychiatric medications and threw a telephone at the wall creating a 3 inch hole. (Southampton Village Police Incident Report dated August 26, 1995; Village of Southampton Misdemeanor Information dated August 27, 1995).

13. On August 26, 1995 Theodore Glowczenski complained that David Glowczenski repeatedly stated, "I'm going to f_ _kin kill you and then I'm going to burn the house down around you." (Violation Complaint signed by Theodore Glowczenski on August 27, 1995).

14. On August 28, 1995 Theodore Glowczenski received an order of protection from

David Glowczenski in Southampton Town Court. (Order of Protection dated August 28, 1995).

15. On September 6, 1995 Theodore Glowczenski's order of protection was vacated in Southampton Town Court after Theodore Glowczenski dropped charges against David Glowczenski. (Withdrawal of Complaint signed by Theodore Glowczenski).

16. On September 29, 1995, David Glowczenski was arrested for striking Southampton Village Police Officer Raffel in the right shoulder with a closed fist. (Southampton Village Police Incident Report dated September 29, 1995).

17. On September 29, 1995, David Glowczenski resisted arrest by kicking the arresting officers until he could be restrained. (Southampton Village Police Incident Report dated September 29, 1995).

18. On September 29, 1995, while inside the detention area of the Southampton Village Police Department David Glowczenski kicked Village Police Officer Raffel. (Southampton Village Police Incident Report dated September 29, 1995).

19. On October 24, 1995, David Glowczenski's psychiatrist wrote to Southampton Town Court regarding Glowczenski's arrest of September 29, 1995, and explained medical reasons underlying Glowczenski's arrest of September 29, 1995. (Letter from Dr. Nicholas H. Pott dated October 24, 1995).

20. On April 20, 2000, David Glowczenski was arrested and charged with harassment in the second degree after making threatening remarks to his 3 year old nephew, the child of his sister, Jean Glowczenski Griffin. (Southampton Village Police Incident Report dated April 20, 2000).

21. On August 8, 2000, David Glowczenski was arrested and charged with harassment in the second degree for making a phone call to the boyfriend of his sister, Gail,

stating, "As soon as I heal up, I'm gonna get a gun and shoot you and Gail." (Southampton Village Misdemeanor Information, CC# 00-21005).

22. On January 30, 2003, David Glowczenski had a physical fight with his brother Teddy, punching him in the nose and physically menacing him with a hammer. (Southampton Village Police Incident Report dated January 30, 2003, M.J. Glowczenski dep., pp. 49-50; T. Glowczenski dep., pp. 49-51; M. Donovan dep., p. 20).

23. On January 30, 2003, David Glowczenski was arrested after having pushed his mother to the ground and threatening to kill members of his family. (Southampton Village Police Incident Report dated January 30, 2003).

24. On February 25, 2003 David Glowczenski was admitted to Lake Grove Treatment Center where he remained until September 16, 2003. (Lake Grove Treatment Center records, pp. 40-44, 83).

25. A few weeks prior to February 4, 2004, Glowczenski was taking Abilify, Lexapro, Vistaril, and Zyprexa. (Dr. M. Satish records, p. 5 and prescription history).

26. Before February 4, 2004 David Glowczenski had stopped taking Abilify. (Dr. Satish's record, p. 66; M.J. Glowczenski dep., pp. 82-83; Teddy Glowczenski dep., pp. 56-57; Letter from Dr. M. Satish to Medical Examiner dated February 10, 2004).

27. On February 4, 2004, at 9:09 a.m., the Village Police Department received the first call from Mary Jane Glowczenski regarding David Glowczenski. (Southampton Village Police Department 911 records).

28. In Mary Jane Glowczenski's first 911 call on February 4, 2004 Mrs. Glowczenski told police that her son was having a psychotic episode, was hearing voices, and was "very psychotic". (Transcript SHPD 911 call).

29. On February 4, 2004, Officers Platt and Wetter and Sergeant Schucht responded to the first radio call to the Glowczenski home at 9:15 a.m. (SHPD Record of Incident).

30. On February 4, 2004, at 9:20 a.m. the Southampton Village Police Department received the second call from Mrs. Glowczenski stating that David Glowczenski had returned home. (Southampton Village Police Department 911 records, Transcript of SHPD 911 call).

31. On February 4, 2004, Patricia Carlson sees David Glowczenski outside her kitchen window and calls 911. (Statement of Patricia Carlson).

32. Southampton Village Police arrived at the residence of Dorothy Schoen located at 155 Elm Street, Southampton. (Statement of Patricia Carlson).

33. At 10:31 a.m. Mary Jane Glowczenski calls 911 stating that David Glowczenski had fled the home again and was heading toward North Main Street. (Transcript of SHPD 911 call; Southampton Village Police Department 911 records).

34. Mary Jane Glowczenski called police at 10:31 a.m. on February 4, 2004 because she wanted the Village Police to put her son into protective custody. (Mary Jane Glowczenski dep., pp. 21-23; 91-92).

35. Defendant Police Officer Brian Platt was hired as a full-time Southampton Village Police Officer on September 22, 1995 after completing the Suffolk County Police Academy in the spring of 1994. (Platt dep., pp. 11-15).

36. Officer Platt completed an advanced course on taser deployment on March 29, 2003, and received his taser certification on April 1, 2003. (Platt dep., pp. 23-33, 57; Platt Exhibit 2, Platt Exhibit 3).

37. Platt had known David Glowczenski for many years and was aware of Glowczenski's history of mental illness and substance abuse. (Platt dep., pp. 105-107).

38. Defendant Police Officer Christopher Wetter became a full-time Village Police Officer in September of 1996 after completing the Suffolk County Police Academy. (Wetter dep., p. 8).

39. Wetter was one of the arresting officers on January 30, 2003 which resulted in Glowczenski's conviction on February 23, 2003, and nine month commitment at the Lake Grove Treatment Center. (Incident Report 1/30/03, Certificate of Conviction dated 2/24/03, Lake Grove Treatment Center records, pp. 41-44, 83, 106; Wetter dep., p. 14).

40. On February 4, 2004, Wetter investigated a report of a suspicious person on Elm Street and believed that person to be David Glowczenski. (Wetter dep., pp. 15-17; Transcript of SHPD 911 call; Southampton Village Police Department 911 records).

41. Sergeant Arthur Schucht had been employed by the Village Police Department for 26 years and had completed his training at the Suffolk County Police Academy. (Schucht dep., p. 28).

42. Sergeant Schucht had known David Glowczenski for 20 years and had been called to the Glowczenski residence and other locations to respond to disturbances involving David Glowczenski including a disturbance on April 20, 2000. (Southampton Village Police incident Report, 4/20/2000).

43. On April 20, 2000, David Glowczenski's sister Jean Glowczenski Griffin stated that David Glowczenski cocked his fist and threatened, "I'm gonna kill you." (Southampton Village Police Incident Report, 4/20/00; Schucht dep., pp. 10-11).

44. On February 4, 2004, after a second phone call from a Glowczenski family member that David Glowczenski had returned home, Teddy Glowczenski told Officers Wetter and Platt that the family was going to try and get David help on their own. (Schucht dep., pp.

7

15-18; Transcript of SHPD 911 call; Southampton Village Police Department 911 records).

45. Officer Marla Donovan became a full-time Southampton Police Officer in 1989 and received her training at the Suffolk County Police Academy. (Donovan dep., pp. 8-9).

46. On several occasions Officer Donovan assisted in transporting Glowczenski in a police car to Pilgrim State Psychiatric Center for involuntary hospitalization. (Donovan dep., pp. 13-14, 16).

47. While in her patrol car, Donovan saw David Glowczenski come out of the bushes on North Main Street, south of Our Lady of the Hamptons School in front of a residence. (Donovan dep., pp. 28-29).

48. When Donovan rolled down her window and asked Glowczenski to hold up he tried to open the car door and get into the car with Donovan who was afraid and jumped out of the car. (Donovan, dep. pp. 33-34).

49. Glowczenski was approximately 5' 9"- 5'10" tall and weighed between 190 and 200 pounds. (M.J. Glowczenski dep., pp. 145-46).

50. Sergeant Schucht was the superior officer on the scene and made the determination that Glowczenski was going to the hospital with or without his consent. (Schucht dep., pp. 24-26).

51. Officers Platt and Wetter along with Sergeant Schucht went to the Glowczenski home on the morning of February 4, 2004 and spoke with a family member who advised that Glowczenski was off his medication. (Wetter dep., pp. 15-19).

52. On at least two previous occasions Glowczenski had fled when Officer Wetter responded to calls for assistance involving David Glowczenski. (Wetter dep., pp. 30-31).

53. Julie Bradshaw, a teacher at Our Lady of the Hamptons School on North Main

8

Street observed David Glowczenski stumbling, yelling, and screaming incoherently, looking "crazed." (Bradshaw dep., pp. 18-22).

54. The door leading to the kindergarten classes at Our Lady of the Hamptons Regional School was unlocked. (Bradshaw dep., p. 20).

55. The Suffolk County Police Academy gave a block of instruction on how to deal with emotionally disturbed persons which included verbal judo techniques or non-physical verbal techniques to defuse potentially violent situations. (Lewis dep., pp. 13-14).

56. Police officers are trained that they can take an individual into custody and transport them to a facility in the event the individual presents a danger to themselves or another party. (Lewis dep., pp. 13-14).

57. Jean Griffin felt that prior to February 4, 2004, the Village Police seemed to have an understanding of David Glowczenski's condition and tried to help the family and give them whatever they needed. (Jean Griffin dep., pp. 20, 23, Griffin 50-h, pp. 16-17).

58. There had never been a problem before February 4, 2004, when the Village Police interacted with David Glowczenski. (Jean Griffin 50-h, pp. 36-37).

Dated: Smithtown, New York
      March 26, 2009

                                  Yours, etc.,

                                  DEVITT SPELLMAN BARRETT, LLP
Attorneys for Defendants - VILLAGE OF SOUTHAMPTON, Police Officer Marla Donovan, Police Office Chris Wetter, Police Officer Arthur Schucht and Lieutenant Howard Lewis
50 Route 111
Smithtown, New York 11787
(631) 724-8833

By: _____/S/_____
        Diane K. Farrell (DF 4082)

                    RUTHERFORD & CHRISTIE, LLP
                    Attorneys for Police Officer Brian Platt
                    369 Lexington Avenue, 8th Floor
                    New York, New York 10017

By: _____/S_____
            Lewis R. Silverman (LS 9723)

TO:   LAW OFFICES OF FREDERICK K. BREWINGTON
      Attorneys for Plaintiffs
      50 Clinton Street, Suite 501
      Hempstead, New York 11550

      CHRISTINE MALAFI
      SUFFOLK COUNTY ATTORNEY
      H. Lee Dennison Bldg.
      100 Veterans Memorial Hospital
      P.O.B. 6100
      Hauppauge, New York 11788
      Attn: Richard T. Dunne, Esq.

      JOSEPH A. MARIA, P.C.
      Attorney for Taser International, Inc.
      301 Old Tarrytown Road
      White Plains, New York 10603

      LEWIS JOHS AVALLONE AVILES & KAUFMAN
      Attorneys for Defendant SOUTHAMPTON VILLAGE AMBULANCE, ET AL
      425 Broadhollow Road, Suite 400
      Melville, New York 11747