UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARY JANE GLOWCZENSKI, and JEAN GRIFFIN,
Individually and as the Co-Administrator of the Estate
of DAVID GLOWCZENSKI,
                      Plaintiff(s),

       -against-

TASER INTERNATIONAL INC., VILLAGE OF SOUTHAMPTON,
SOUTHAMPTON VILLAGE POLICE DEPARTMENT,
POLICE OFFICER BRIAN PLATT in his individual and official capacity,
POLICE OFFICER MARLA DONOVAN, in her individual and official
capacity, POLICE OFFICER CHRIS WETTER, in his individual and
official capacity, POLICE OFFICER ARTHUR SCHUCHT, in his individual
and official capacity, COUNTY OF SUFFOLK, SUFFOLK COUNTY
 POLICE DEPT., LIEUTENANT JACK FITZPATRICK, in his individual and
official capacity, LIEUTENANT HOWARD LEWIS, in his individual and
official capacity, JOHN DOE 1-10, who are known by name to the Defendants
but as of yet are not fully known to the Plaintiffs, OFFICE OF THE SUFFOLK
COUNTY MEDICAL EXAMINER, JAMES C. WILSON, M.D., Deputy Medical
Examiner, in his individual and official capacity, SOUTHAMPTON
VILLAGE VOLUNTEER AMBULANCE (a.k.a. SOUTHAMPTON
E.M.T.UNIT), MELISSA CROKE, EMT, in her individual and
official capacity, KEITH PHILLIPS, EMT, in his individual and official
capacity, TIM CAMPBELL, EMT, in his individual and official capacity,
JAMES MOORE, Ambulance Driver, in his individual and official capacity,
                                Defendant(s).
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
CV04-4052 (WDW)

**APPEARANCES**:
Frances Dapice Marinelli, Esq.
Joseph A. Maria, Esq.
301 Old Tarrytown Road
White Plains , NY 10603
Attorney for Defendant Taser International, Inc.

Law Offices of Frederick K. Brewington
Frederick K. Brewington, Esq.
50 Clinton Street, Suite 501
Hempstead , NY 11550
Attorneys for Plaintiffs Mary Jane Glowczenski and Jean Griffin

**WALL, Magistrate Judge:**

Before the court is a motion for summary judgment by the defendant Taser International, Inc. DE[117-122]. The motion is opposed by the plaintiffs. DE[134]. The parties have consented to my jurisdiction for all purposes. For the reasons set forth herein, the motion is **DENIED.**

## BACKGROUND

The action by the plaintiffs against defendant Taser was originally filed as a separate lawsuit, CV 04-4053, but that action was consolidated by Judge Feuerstein with the action against the other defendants - CV 04-4052- on January 6, 2005. The claims against Taser arise from the death of David Glowczenski on February 4, 2004. The facts leading up to Mr. Glowczenski's death are set out at length in the orders deciding the motions by the Village and Ambulance defendants and will be repeated herein only as necessary. DE[10] The Court does note here that, prior to Glowczenski's death, an M26 Advanced Taser was applied to his body several times by defendant Brian Platt while the device was in drive-stun mode.

## DISCUSSION

**Summary Judgment Standards**

"'Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law.'" *Jamaica Ash & Rubbish Removal Co. v. Ferguson,* 85 F. Supp. 2d 174, 180 (E.D.N.Y. 2000) (quoting *In re Blackwood Assocs., L.P.* 153 F.3d 61, 67 (2d Cir. 1998) and citing Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In deciding a summary judgment motion, the district court must resolve all ambiguities and draw all reasonable inferences in the light most

favorable to the opposing party. *See Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.,* 150 F.3d 132, 137 (2d Cir. 1998). If there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *See Holt v. KMI-Continental, Inc.,* 95 F.3d 123, 128 (2d Cir. 1996). The applicable substantive law determines which facts are critical and which are irrelevant. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

The trial court's responsibility is "'limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution.'" *B.F. Goodrich v. Betkoski,* 99 F.3d 505, 522 (2d Cir. 1996) (quoting *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1224 (2d Cir. 1994)). The court "is not to weigh the evidence, but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty America v. Town of W. Hartford,* 361 F.3d 113, 122 (2d Cir. 2007). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "Rather, there must exist 'specific facts showing that there is a genuine issue for trial' in order to deny summary judgment as to a particular claim." *Jamaica Ash & Rubbish,* 85 F. Supp. 2d at 180 (quoting *Celotex,* 477 U.S. at 322). A moving party may obtain summary judgment by demonstrating that little or no evidence may be found in support of the non-moving party's case. "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Marks v. New*

*York Univ.,* 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999).

**The Plaintiffs' Claims**

In this diversity action governed by New York law, the plaintiffs have five claims against Taser, and seek both compensatory and punitive damages:
      (1) Negligence
      (2) Breach of Implied Warranty
      (3) Breach of Expressed Warranty
      (4) Strict Liability
      (5) Wrongful Death

The elements of these causes of action overlap to a great extent, involving issues of alleged product defects, failure to warn, and causation. Taser argues, generally, that it is entitled to judgment as a matter of law on all of these claims, because (1) there is no defect in the design or manufacture of the Taser; (2) Taser provided adequate warnings to the Village of Southampton, and (3) the Taser was not a proximate cause of Glowczenski's death. The plaintiffs argue that issues of material fact exist as to all of the claims, and that summary judgment must be denied. In making their respective arguments, the parties rely on various expert reports and, in the case of the plaintiffs, numerous publications, all of which are inadmissible on this motion with one exception.

**The Use of Expert Reports on Motions for Summary Judgment**

The defendants have submitted, as exhibits to their motion, the following expert evidence:

(1) Ex. R - Report of Debra C. Mash, signed but unsworn.
(2) Ex. S - Rule 26 Expert Disclosure regarding Michael Graham, an expert retained by defendant Brian Platt, along with a "report" by Dr. Graham in the form of a letter from Graham to Jelte deJong, Platt's former counsel. The letter is signed but unsworn.
(3) Ex. T - a "Review of David Glowczenski case by David S. Rosenbaum, M.D.," an expert retained by the plaintiffs. The review is both unsigned and unsworn.

4

In opposition to the motion, the plaintiffs have submitted the following expert evidence:

(1) Ex. A - a "Second Amended Medical Report" by Lone Thanning, M.D. The Report is signed but unsworn.
(2) Ex. G - a letter to plaintiffs' counsel, Frederick Brewington, from Michael S. Morse, an expert retained by plaintiffs. The letter is signed but unsworn.
(3) Ex. I - Expert Report from Jeffrey D. Ho, M.D., signed but unsworn.
(4) Ex. CC - a "Review of David Glowczenski case by David S. Rosenbaum, M.D.," identical to Taser's Ex. T. The review is both unsigned and unsworn.
(5) Ex. DD - a "Preliminary Report" by Edward Mamet, signed but unsworn.
(6) Ex. GG - an "Economic Loss Analysis" by plaintiffs' expert Alan M. Leiken, Ph.D., signed but unsworn.
(7) Ex. ZZ - a Declaration by Michael Morse, the expert whose report is annexed as plaintiffs' Exhibit G. The Declaration is signed, but does not contain the requisite statement regarding perjury, as discussed *infra*.

On a summary judgment motion, a "district Court properly considers only evidence that would be admissible at trial," as required by Rule 56. *See Nora Beverages v. Perrier Group of America,* 164 F.3d 736, 746 (2d Cir. 1998). Applying this rule, "'[c]ourts in this Circuit have uniformly held that unsworn expert reports do not satisfy the admissibility requirements of Fed. R. Civ. P 56(e), and cannot be used [on] a summary judgment motion without additional affidavit support.'" *See Gotlin v. Lederman,* 616 F. Supp. 2d 376, 389 (E.D.N.Y. 2009) (quoting *Berk v. St. Vincent's Hosp. and Med. Ctr.,* 380 F. Supp. 2d 334, 352 (S.D.N.Y. 2005)). A few courts apparently have considered unsworn expert reports "particularly in opposition to a summary judgment motion, following full disclosure which has included an adequate opportunity to depose the expert regarding the opinions set forth in his or her report." *Cornell Research Foundation, Inc. v. Hewlett-Packard Co.*, 2007 WL 4349135, *19 (N.D.N.Y. Jan. 31, 2007)(citing *Medtronic Xomed, Inc. v. Gyrus ENT, LLC,* 440 F. Supp. 2d 1300, 1310 n.6 (M.D. Fla. 2006)). "The far greater weight of authority," however, supports the position that "such reports constitute inadmissible hearsay and thus are not worthy of consideration on a motion for

5

summary judgment." *Id.* (citing *Maytag v. Electrolux Home Products, Inc.,* 448 F. Supp. 2d 1034, 1064 (N.D. Iowa 2006)(citing cases)).

An exception to the rule arises when a defendant has included a plaintiff's expert report as an exhibit in support of its motion for summary judgment and has cited to and relied on such report in its moving papers. *See Capobianco v. City of New York,* 422 F.3d 47, 55 (2d Cir. 2005). One District Court has held that "even a *reference* to the unsworn or unaffirmed reports in the moving papers is sufficient to permit the plaintiff to rely upon and submit these reports in opposition to the [summary judgment] motion." *Waldman v. Atlantic-Heydt,* 2006 WL 2010783, *6 (E.D.N.Y. July 14, 2006)(emphasis in original).

Here, all of the expert reports relied on by both the plaintiffs and the defendant Taser are unsworn and, under the general rule, inadmissible. Although plaintiffs have submitted a "Declaration" from their expert Michael Morse, and a properly worded declaration can be rendered admissible pursuant to 28 U.S.C. §1746, the Morse declaration does not substantially follow the form prescribed by section 1746 that the statement is true and made under penalty of perjury. *See Gotlin,* 616 F. Supp. 2d at 389. It is, thus, an unsworn, inadmissible statement. The only report that the court can consider on this motion is that of the plaintiffs' expert David Rosenbaum, because, although it too is unsworn, the defendant used it in support of its motion and the plaintiff can thus rely on it in opposition. *See Capobianco,* 422 F.3d at 55.

The exclusion of all of the expert evidence save Dr. Rosenbaum's must result in the denial of this motion on all grounds. This case is heavily reliant on expert opinion for many material issues, including causation, and the result of considering Dr. Rosenbaum's report is a finding that there are material issues of fact on the issue of cause of death/proximate cause that

bar summary judgment.  The plaintiffs argue that the Taser device itself was both the actual and the proximate cause of Glowczenski's death. Taser argues that there is no evidence that the Taser contributed to the death, and that the undisputed facts support that conclusion, along with the conclusion that Glowczenski engaged in violent resistance that contributed to his death.  Taser notes that the  Suffolk County Medical Examiner found that the cause of death was "Acute Exhaustive Mania due to Schizophrenia," sometimes called "excited delirium." *See* Taser Ex. E.

Taser cites Dr. Rosenbaum, plaintiffs' own expert, as opining that the Taser device was not a likely cause of Glowczenski's death.  DE[120] at 18-19 (citing to Taser Ex. T, Report of David S. Rosenbaum.  Indeed, Rosenbaum reported that: "The repeated application of TASER could have played an indirect contributory role by enhancing pain, stress and acidosis.  However, it does not appear likely that the application of TASER played a major contributory role as a cause of death." Taser Ex. T at 3.  However, one of the sub-issues involving cause of death concerns the scientific validity of the concept of "exhaustive mania" or "excited delirium."  As noted, the Medical Examiner listed it as the cause of death.  Plaintiffs challenge that finding, however, and Dr. Rosenbaum  states his opinion that "'excited delirium' . . .  is not an accepted psychological diagnosis. . . and is unhelpful in understanding why an individual" had died. *Id.* at 4. So, the record contains the Medical Examiner's finding that the cause of death was exhaustive mania and Rosenbaum's opinion challenging the validity of such a finding.  Thus, there is conflicting opinion sufficient to make the issue one for the jury to decide.

Also buried in the cause of death analysis is the degree to which Glowczenski resisted arrest or exhibited symptoms of "mania."  There is ample testimony from the police defendants about that issue, but the plaintiffs dispute some of the allegations, and material issues of fact

7

exist. For all of these reasons, numerous issues of material fact are present as to the issue of Glowczenski's cause of death, an issue which is relevant to most, if not all, of the plaintiff's claims. I find that both the issue of cause of death and the nature and degree of Glowczenski's reactions to his detainment are disputed material issues of fact for the jury.

Material issues of fact exist as to the other issues that arise from the parties' arguments, including issues of duty, defect and warning. This is true even if the court considers the content of the other reports[1]. The experts take differing views on key points, and their competing opinions should be put to the test of credibility before the jury. Further, there have been no Daubert hearings, and it is unclear whether the parties have completed expert depositions. Thus, challenges to the experts are still a possibility.

For all these reasons, I find that material issues of fact and issues of credibility exist that bar the entry of summary judgment. The case will go to trial.

Dated: Central Islip, New York  **SO ORDERED:**
      May 13, 2010

                                                                                /s/ William D. Wall
                                                                                WILLIAM D. WALL
                                                                                United States Magistrate Judge

---

[1] The court recognizes, in this regard, that a failure to submit sworn expert statements can be cured by later submission of affidavits or valid declarations verifying the reports' contents. *See Cornell Research Foundation,* 2007 WL 4349135 at *19. I decline, however, to allow that procedure because, as noted, a review of the now-inadmissible reports leads to the conclusion that considering them would only lead to more contested issues of material fact and a determination that this is a case that must go to a jury for proper resolution.