LAW OFFICES OF
# FREDERICK K. BREWINGTON

*ATTORNEYS AND COUNSELORS AT LAW*
556 PENINSULA BOULEVARD
HEMPSTEAD, N.Y. 11550-4282

———

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

**FREDERICK K. BREWINGTON**
———
**IRA FOGELGAREN**
———
**GREGORY CALLISTE, JR.**
**VALERIE M. CARTRIGHT**
**G. WILLIAM GERMANO, JR.**
**MARJORIE MESIDOR**

July 20, 2011

**_VIA ELECTRONIC CASE FILING_**
Honorable William D. Wall
United States Magistrate Judge
United State District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

> Re:   *Glowczenski, et.al. v. Taser International, Inc.*
>        Docket No.: CV-04-4052 (WDW)
>                    *and*
>        *Glowczenski, et. al. v. Village of Southampton, et. al.*
>        Docket No. CV-04-4053 (WDW)

Dear Judge Wall:

As your records will reflect we are the attorneys representing the Plaintiffs in the above referenced related cases.   We thank the Court for the opportunity to address this matter via letter. This letter will follow the telephone conference with Your Honor during which a discussion was had about one of our experts as it relates to the *Daubert* hearings scheduled for July 21, 2011. During that telephone conference, which included counsel for all parties (Ms. deJong was standing in for Mr. Dunne), we expressed our concern relating to one of our experts and our need to replace her.   We raised this matter as one of extreme importance in these on-going pieces of litigation.

As we informed counsel and the Court, irreconcilable differences with the retained expert pathologist, Dr. Lone Thanning, have arisen with this office.  Those issues and differences make it

The Honorable William D. Wall
July 20, 2011
Page 2

impossible for Plaintiffs to continue to work with Dr. Thanning in this matter.  The issues which have arisen do not relate to the substance of her report and/or opinions.  Rather, we have neither been able to effectively communicate with Dr. Thanning, nor have her respond to our requests. In essence, we are currently without her services.  Accordingly, so that this unfortunate set of circumstances does not impact or prejudice the Plaintiffs and this case we are compelled to replace Dr. Thanning with a suitable and qualified expert.  We have contacted another expert pathologist, Dr. James Mannion, to review the matter.  He will be reviewing the same material that the previous expert used in order to reach her opinion and it is expected that Dr. Mannion's opinions will be substantially similar to Dr. Thanning's findings.

The standard for replacing an expert witness has been clearly delineated by the Courts. In *White v. McDermott*, the court, ruling on a motion to preclude disclosure of expert witness held that "in exercising their discretion to permit new expert witnesses after a mistrial, courts have looked to the prejudice the party seeking to preclude expert disclosures would face if new experts were permitted to testify, and whether new experts would complicate trial and raise new matters that were not at issue during the first trial. [Furthermore] the prejudice to the plaintiff in allowing a new, previously undisclosed expert to testify was minimal because the expert would rebut the plaintiff's expert and because...the plaintiff would have to pay to depose the next expert...Additionally, the Hoffman court ensured that plaintiff had ample time to depose the defendant's new expert and conduct limited written discovery." *White v. McDermott*, 2010 WL 4876025 (D. Conn 2010).  In *McDermott*, Plaintiff sought to offer an expert medical witness on the causal relationship between the dog bites and a subsequent cellulitis condition–after the first trial and before the second trial.

There will be no prejudice to the other parties in this case.  It is the Defendants who have sought time for the purpose of conducting depositions and additional discovery before the trial is to commence and it is they that have sought to conduct a *Daubert* hearing. Here, there is no trial date set, and the time needed to conduct any review and examination of the replacement expert need not take an enormous amount of time.  There would be no prejudice because it is expected that the opinions and the subject matter of the testimony will be similar to those provided by the previous expert. Indeed it would be Plaintiffs who would be prejudiced if the instant request is not granted.  The Plaintiffs' cases will be severely damaged should they not have an expert in this area. Plaintiffs have moved swiftly once it became clear that Dr. Thanning would not be available to continue to serve as an expert, and the Plaintiffs have done so with limited time and resources to replace the previous expert.

Clearly, the new expert would not complicate trial and raise new matters. There is no trial date set yet and the new expert would create no new issues given the developed record which has been created by Defendants in this case.  It is anticipated that the offered expert would provide substantially similar opinions and testimony.  Further, opposing parties would be allowed to depose the new expert and he would be made available for them to do so promptly.  If the Court found it necessary, we would be willing to cover some of the costs associated with the taking of the

The Honorable William D. Wall
July 20, 2011
Page 3

deposition of the replacement expert.  These factors, along with the ability of Defendants to have limited written discovery lends support for the granting of Plaintiffs' request to replace Dr. Thanning at this time.

In *Kerns v. Bd. of Comm'r of Bernalillo Cnty* . 2010 WL 1632732 (D.N.M. 2010), the court granted the Plaintiff's leave to disclose a new potential expert witness under FRCP 6(b), notwithstanding the fact that the deadline for identifying expert witnesses had passed.  Most certainly, Plaintiffs would rather not be placed into the position of having to replace one of their experts, but being compelled to do so, there is no question that as counsel for Plaintiff we are acting in good faith.

In *Dennis v. Sherman*, 2010 WL 3928332 (W.D.T.N. 2010), the Plaintiff's original expert witness died after being deposed but prior to trial. The Court granted the Plaintiff's motion to designate a new expert witness after the deadline for disclosing expert witnesses.

The need to replace the expert pathologist is due to no fault of the Plaintiffs in this action and fairness should allow this relief.  There is no real prejudice to the Defendants in that there will be no new theories proposed with regard to the cause and manner of death to Plaintiff's Decedent. The new expert will be reviewing only the same materials that the previous expert relied on to arrive at her findings.  The Defendants will not have to review any new materials other than the report of the new expert.  Defendants will have a full and fair opportunity to conduct  discovery regarding the new expert in a short period of time.

Plaintiffs will be unduly prejudiced if the expert cannot be replaced in the manner requested in this application.  It is respectfully requested that the Plaintiffs be allowed to replace the expert pathologist and for whatever other relief the Court deems just and proper.

We thank the Court for its kind consideration.

Respectfully submitted,

FREDERICK K. BREWINGTON

FKB:pl
cc:     John V. Tait, Esq.(via ecf)
        Jeltje deJong, Esq.(via ecf)
        Lewis Silverman, Esq.(via ecf)
        Richard Dunne, Esq.(via ecf)