```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
```
JEAN GRIFFIN, Individually and as the
Administratrix of the Estate of DAVID
GLOWCZENSKI,

                       Plaintiff,

    -against-

VILLAGE OF SOUTHAMPTON, et al.,

                       Defendants.
```
------------------------------------------------------------x
```

**MEMORANDUM AND ORDER**
04-CV-4052 (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this civil rights-excessive force action brought pursuant to, *inter alia*, 42 U.S.C. § 1983, is Plaintiff Jean Griffin's ("Plaintiff") motion *in limine* seeking to preclude Defendants Village of Southampton, Police Officer Marla Donovan ("Donovan"), Police Officer Chris Wetter ("Wetter"), and Police Officer Arthur Schucht ("Schucht") (collectively, "Defendants") from introducing into evidence various criminal records involving Plaintiff's decedent, David Glowczenski ("Glowczenski"), based on Rules 403 and 404 of the Federal Rules of Evidence. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part. The motion is denied to the extent that Defendants will be permitted to introduce documents either created or viewed by Donovan, Wetter, or Schucht before the events in question, but is otherwise granted. The Court will instruct the jury that such evidence must be considered not for the truth of its contents, but solely for the purpose of determining whether Donovan, Wetter, or Schucht had certain information about

1

Glowczenski prior to their use of force against him and whether that use of force was objectively reasonable under the circumstances.

## I. BACKGROUND[1]

This action arises from an incident that occurred on February 4, 2004 involving Glowczenski and various members of the Southampton Village Police Department (the "Department"), including Donovan, Wetter, and Schucht. *See* Defendants' Trial Memorandum of Law, Docket Entry ("DE") [297-5], at 4. Plaintiff alleges that members of the Department used excessive force by, among other actions, deploying a Taser device and administering pepper spray in order to detain Glowczenski. *See* Amended Complaint, DE [9], ¶¶ 2, 14. Defendants contend that Donovan, Wetter, and Schucht were justified in their actions because they reasonably believed that the physical force used was necessary under the circumstances. *See* Amended Proposed Joint Pre-Trial Order, DE [295], at 8. The issue before the Court is whether certain evidence concerning Gloczenski's prior interactions with the police can be used to establish that the use of force was reasonable. Plaintiff moves to bar such evidence under Rules 403 and 404 of the Federal Rules of Evidence.

## II. LEGAL STANDARDS

Federal Rule of Evidence 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," Fed R. Evid. 404(a)(1), and, further, proscribes the use of "[e]vidence of a crime, wrong, or other act . . . to prove a person's

---

[1] The facts set forth herein are taken from various pleadings and are provided for context purposes only.

character" for this purpose, Fed. R. Evid. 404(b)(1). Nevertheless, evidence of prior bad acts will be admissible if it is offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Prior bad acts evidence must be: "(1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002) (citing *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496 (1988)). In addition, upon request by the party against whom the evidence is being offered, the district court should give the jury an appropriate limiting instruction. *Id.* As the Second Circuit has explained, prior bad acts testimony "can be admitted for any purpose except to show criminal propensity." *United States v. Stevens*, 83 F.3d 60, 68 (2d Cir. 1996). "The potentially broad reach of this 'inclusionary' approach, however, is limited by the consideration of the prejudicial nature of the evidence under [Fed. R. Evid.] 403." *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997). Pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. DISCUSSION

In support of the instant motion, Plaintiff argues that Glowczenski's criminal records are inadmissible as propensity evidence under Rule 404(b)(1) and would be more prejudicial to Plaintiff than probative of any fact. *See* DE [324]. In opposition,

3

Defendants assert that records pertaining to Glowczenski's criminal history are admissible under Rule 404(b)(2) as evidence of, among other things, Glowczenski's state of mind; his family members' states of mind; his familiarity with the Department and its procedures; and the Department members' states of mind at the time of the subject incident.[2]

Although the Second Circuit has not addressed the precise issue before the Court, courts of appeals in other circuits have concluded that defendants in excessive force cases may introduce evidence of a plaintiff's prior criminal history under Fed. R. Evid. 404(b)(2) to establish facts and circumstances known to the defendants at the time they interacted with the plaintiff. *See Hubbard v. Gross*, 199 F. App'x 433, 444 (6th Cir. 2006) (recognizing that evidence of police officers' previous encounters with a plaintiff asserting an excessive force claim may be relevant to show how much force was reasonable in connection with the arrest at issue); *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (holding that policer officers' testimony about their knowledge of the plaintiff's criminal past at the time they applied the alleged excessive force was relevant to the question of whether the officers' actions were reasonable under the circumstances and concluding that such testimony was "not so unfairly prejudicial as to warrant exclusion under Rule 403"). The Court finds persuasive, and therefore adopts, the reasoning of the Sixth and Ninth circuits.

---

[2] Given that the instant motion was filed on the eve of trial, Defendants did not submit written opposition, but instead raised arguments on the record prior to jury selection on May 7, 2018.

Here, documents regarding Glowczenski's criminal record of which either Donovan, Wetter, or Schucht was aware prior to February 4, 2004 are relevant to the circumstances surrounding their interactions with Glowczenski on the date at issue and, therefore, whether the force used was excessive. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989) ("[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."); *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996), *amended* (May 21, 1996) ("In determining whether the force used by a police officer was reasonable, the court must . . . consider the perspective of the officer at the time of the arrest, taking into account the fact that the officer may have been required to make a split-second decision." (citing *Graham*, 490 U.S. at 397, 109 S.Ct. at 1872)); *cf. Sanchez v. Port Auth. of New York & New Jersey*, No. 08-CV-1028, 2012 WL 1068078, at *9 (E.D.N.Y. Mar. 29, 2012) (considering, in an excessive force case, the police officer's knowledge of the plaintiff's preexisting injury in conducting a reasonableness analysis). Further, the potential for prejudice or confusion is substantially outweighed by the evidence's probative value on this issue. Documents pertaining to Glowczenski's other encounters with law enforcement of which Defendants were unaware, however, have minimal, if any, relevance to the reasonableness of the force applied and would be nothing more than evidence of propensity, the substance of which would violate Rule 404(b). Moreover, any probative value of such documents is substantially outweighed by the potential for prejudice under Rule 403. Accordingly, the Court finds admissible

5

only those documents either created or viewed by Donovan, Wetter, or Schucht before the incident in question.[3]

**IV. CONCLUSION**

For the reasons set forth below, Plaintiff's motion *in limine* is granted in part and denied in part. The motion is denied to the extent that Defendants will be permitted to introduce documents either created or viewed by Donovan, Wetter, or Schucht before the incident in question, but is otherwise granted. The Court will instruct the jury that such evidence must be considered not for the truth of its contents, but solely for the purpose of determining whether Donovan, Wetter, or Schucht had certain information about Glowczenski prior to their use of force against him and whether that use of force was objectively reasonable under the circumstances.

Dated: Central Islip, New York
      May 17, 2018                           **SO ORDERED**

                                                        s/ Steven I. Locke
                                                    STEVEN I. LOCKE
                                                    United States Magistrate Judge

---

[3] Rule 609 provides an independent basis to admit evidence of prior criminal convictions under certain circumstances for the purpose of impeachment. For felony convictions, the evidence of conviction "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1). Moreover, "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(1). Here, however, Defendants have not raised Rule 609 as a basis to admit records of Glowczenski's criminal history. And, in any event, it does not appear that the records Defendants seek to admit involve felonies or misdemeanors within the past 10 years, *see Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993), or speak to Glowczenski's character for truthfulness, *see Stephen v. Hanley*, 2009 WL 1471180, at *7 (E.D.N.Y. May 21, 2009).